UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMG SURETY, LLC, a foreign limited
liability company

        Plaintiff,

v.                                    Case No: 2:17-cv-208-FtM-38CM

RONALD R. TILLER,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on *sua sponte* review of the Complaint filed on April 18, 2017. (Doc. 1). Plaintiff CMG Surety, LLC brings this unjust enrichment suit against Defendant Ronald R. Tiller because, in a previous litigation, CMG had paid Tiller's portion of the settlement and his attorney's fees. (*Id.*). CMG cites diversity jurisdiction as the basis for the Court's subject matter jurisdiction. (*Id.* at ¶ 4).

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). In an action filed directly in federal court, a plaintiff

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

bears the burden of adequately pleading, and ultimately proving jurisdiction. See *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have original jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, the diversity of citizenship prong poses a jurisdictional hurdle.

A limited liability company ("LLC"), like CMG, is a citizen of every state in which one of its members is located. See *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also* *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating that an individual is a citizen where he is domiciled, not necessarily where he is a resident). Each member of the LLC must be diverse from the plaintiff. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In the Complaint, CMG alleges that it is a foreign LLC with its principal place of business in Naples, Florida. But it fails to allege where it members are domiciled. (Doc. 1 at ¶ 2). Without such allegations, CMG has not adequately pleaded diversity of citizenship. The Court thus lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff CMG Surety, LLC, shall have up to and including **April 26, 2017**, to file an amended complaint that properly alleges this Court's subject matter jurisdiction. **Failure to do so will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record